**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 4:25-cv-10017-LEIBOWITZ**

**LORETTA M. DITOCCO,**
*Plaintiff*,

*v.*

**ELON MUSK *et al.*,**
*Defendants.*
_________________________/

**ORDER DISMISSING COMPLAINT**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On February 20, 2025, Plaintiff filed a Complaint against seven alleged members of the "DOGE Team" spearheaded by the eighth defendant, Elon Musk. [ECF No. 1]. On February 20, 2025, summonses were issued for all Defendants [ECF No. 5], but no proofs of service were filed with the court. On March 17, 2025, the Court issued a Show Cause Order, directing Plaintiff to perfect service on all Defendants no later than May 21, 2025. [ECF No. 9]. On May 19 and 20, 2025, Plaintiff filed Proofs of Service that purport to show service of process as to Defendants Musk, Shaotran, Killian, Davis, Farritor, and Klinger *via* certified U.S. mail [ECF No. 10], and failed attempts at service on Defendants Bobba and Corsitine, also *via* certified U.S. mail [ECF No. 11]. Such service of process is not effective.

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual in a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Florida does not permit service of process *via* mail. Fla. Stat. § 48.031(1) ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the

copies at **his or her usual place of abode** with any person residing therein who is 15 years of age or older and informing the person of their contents.") (emphasis added). Plaintiff cannot, therefore, effectuate service of process on the Defendants by mailing them a copy of the summons and complaint. Additionally, the Complaint (and Plaintiff's Proofs of Service) list the same Washington, D.C. address for each of the named Defendants: Eisenhower Executive Building, 1600 Pennsylvania Ave, NW, Washington, D.C. 20504. [*See* ECF No. 1 at 2–3; ECF Nos. 10, 11]. The addresses are clearly not Defendants' "usual place of abode," in further violation of the service rules.

Moreover, to the extent Defendants reside outside of Florida, Plaintiff must allege in the Complaint the basis by which she invokes Florida's long-arm statute. Florida's long-arm statute provides the Court with personal jurisdiction over nonresident defendants in very limited circumstances, as follows:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
> 4. Contracting to insure a person, property, or risk located within this state at the time of contracting.
> 5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>> a. The defendant was engaged in solicitation or service activities within this state; or
>> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary

> course of commerce, trade, or use.
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
> 8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.
> 9. Entering into a contract that complies with s. 685.102.

Fla. Stat. § 48.193.

In this action, Plaintiff fails to state facts that would support personal jurisdiction over any of the named Defendants. In Florida, the plaintiff's "failure to adequately allege in the complaint a basis for invoking long arm jurisdiction … voids any service of process made pursuant to section 48.194, Florida Statutes." *Kimbrough v. Rowe,* 479 So. 2d 867, 868 (Fla. 5th DCA 1985) (citation omitted).[1] Thus, Plaintiff's Complaint must be dismissed. First and foremost, Plaintiff attempts to sue nonresident defendants without making any showing whatsoever in the Complaint as to how the defendants fall within the reach of Florida's long-arm statute. Second, even if she had pleaded such facts, Plaintiff failed to effectuate service of process within ninety (90) days of the filing of the Complaint. As the Court previously warned Plaintiff, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss any civil action in which the defendant has not been properly served within ninety (90) days of the filing of the complaint, <u>which deadline was May 21, 2025</u>. [Show Cause Order, ECF No. 9 (citing Fed. R. Civ. P. 4(m))].

That said, because Plaintiff is proceeding *pro se*, the Court must afford her at least one opportunity to cure her pleading defects. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Therefore, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.
2. ***The Clerk*** is directed to ADMINISTRATIVELY CLOSE this case.

[1] Section 48.194, Florida Statutes, governs service of process for out-of-state defendants. It provides that "service of process on a party in another state, territory, or commonwealth of the United States must be made in the same manner as service within this state by any person authorized to serve process in the state where service shall be made." Fla. Stat. § 48.194(1).

3. If Plaintiff can cure her pleading deficiencies, she must file a Motion to Amend the Complaint, along with a proposed First Amended Complaint that complies with this Order **no later than Monday, June 30, 2025**.

4. If Plaintiff fails to file a Motion to Amend, along with a proposed First Amended Complaint, that cures the defects set forth in this Order, by June 30, 2025, this case will be DISMISSED for failure to prosecute and for failure to comply with court orders, *without further notice*. *See* Fed. R. Civ. P. 41(b); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Link v. Wabash R. R.,* 370 U.S. 626, 630 (1962).

**DONE AND ORDERED** in the Southern District of Florida on May 27, 2025.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: Loretta M DiTocco, *pro se*
1018 James Street
Key West, Fl 33040
Email: lorettamdt@gmail.com